

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DSS:JS/SA  *271 Cadman Plaza East*
F.#  *Brooklyn, New York 11201*

October 8, 2011

Via EMAIL and HAND
The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Jorge Piniero,
               Criminal No. 08-115 (NGG)

Dear Judge Garaufis:

      The Government submits this letter in anticipation of the defendant's sentencing, scheduled for October 9, 2013, and in response to the defendant's letter of September 23, 2013 regarding the same. The Government respectfully submits that a sentence within the range of 168 to 210 months would be appropriate in this case.

I.    The Presentence Report and the Guidelines Range

      The Presentence Investigation Report ("PSR") prepared in connection with the defendant's sentencing predicated the defendant's Guidelines range largely on Guidelines Section 2D1.1(a)(5) and 2D1.1(c)(3) and a base offense level of 34, related to the amount of narcotics the defendant is appropriately held accountable for (PSR ¶ 57), and a 2 point firearms enhancement, pursuant to Guidelines section 2D1.1(b)(16). After an upward adjustment for grouping, in connection with the robbery conspiracy, and a downward adjustment for acceptance of responsibility, the PSR calculated the defendant's total offense level at 36. With no documented criminal history, the PSR calculated the defendant's sentencing guidelines at 188 to 235 months.

      Notably, for various reasons, at the time of the defendant's guilty plea in this case, the government calculated the defendant' adjusted offense level at 35 and the defendant's guidelines range at 168 to 210 months. The lower guidelines calculation by the government (notwithstanding the government's application of a 6 point enhancement under 2B3.1(b)(2)(C), a 3 point enhancement for a $250,000 loss under 2B1.(b)(7)(D), and a 2 point enhancement under for restraint of victim under 3A1.3) stems, in large part due to the government's failure to appropriately group the adjusted offense levels for the robbery conspiracy and the narcotics

trafficking conspiracy.   Nonetheless, while the government believes that the grouping analysis applied by Probation to the government's calculation at the time of the plea would accurately identify the defendant's Guideline range and would result in a significantly higher guidelines calculation for the defendant, the government does not challenge Probation's calculation or seek a sentence within a higher Guidelines range than that set forth in the plea agreement: 168 to 210 months.

II.     The Defendant's Objections

While the defendant does not appear to challenge the technical accuracy of the Guidelines in his sentencing memorandum, he sets forth an alternative "calculation" of the Guidelines, arguing that his client is entitled to a downward "adjustment" of 3 points for his alleged minor role, a downward departure of 2 points due to family circumstances, and a removal of the 5 point enhancement for use of a firearm.  See Defendant's Letter of September 23, 2013 at 3.

While the government concedes that the defendant did not engage in specific acts of violence and his role in the criminal enterprise was that of "sentero" or tipster, driver, lookout and resaler of narcotics, his participation in the criminal venture was critical to its success, and his knowledge and understanding of the enterprise and the activities of others in the enterprise is not indicative of a minimal or minor participant.  He knew exactly what he was doing when he provided the tips to his co-defendants to carry out the robberies, or when he acted as a driver or lookout, and he benefitted significantly by selling the drugs that he and his co-conspirators stole from their victims. Thus, no role adjustment is appropriate here.

With respect to the defendant's contention that he should not be held accountable for the use of firearms under section 2B3.1(b)(2)(C), the government submits that the defendant is appropriately accountable for that enhancement given that crew members used firearms on robberies that he was directly involved in and although Piniero never carried a gun, it was reasonably foreseeable to him that his co-conspirators used firearms in furtherance of the robbery conspiracy.   See PSR ¶18.

Finally, while the defendant certainly was raised in difficult circumstances that the Court should take into consideration, there is nothing so unusual about his childhood to merit a specific 2 point downward departure in this case.

III.    Conclusion

The defendant was an active participant in a sophisticated violent robbery crew. The robberies that they carried out were well planned, required multiple accomplices, targeted high value narcotics traffickers and their families, necessitated the use of firearms, and often involved the physical restraint of their victims.   His participation was crucial to the success of the

3

criminal venture.    Given the significance of his crimes, and in consideration of all the factors set out in 18 U.S.C. § 3553(a), the Government respectfully submits that a sentence within the Guidelines range of 168 to 210 months would be appropriate in this case.

                                   Respectfully submitted,

                                   LORETTA E. LYNCH
                                   United States Attorney

By:        /S/

                                   Shreve Ariail
                                   Assistant U. S. Attorneys
                                   (718) 254-6616

cc: Martin Siegel, Esq. (By Email)